JAMES M. HACKETT
401 Eleventh Avenue
Fairbanks, Alaska 99701
(907) 456-3626
jhackettlaw@aol.com

FILED in the Trial Courts
State of Alaska Fourth District

DEC 15 2016

By_____Deputy

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| MIGUEL A. GARCIA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WILFREDO GALLO, an individual, ) <br> TACO VALLEY, INC., and ) <br> TACO AZTECA, INCORPORATED, ) <br> and John Does 1-3, ) <br> Defendants. ) <br> _____) | COMPLAINT |

Case No. 4FA-16-02792 CI

Plaintiff Miguel A. Garcia ("Garcia"), through his attorney, complains against Defendant Wilfredo Gallo, Defendants John Does 1-3, Defendant Taco Valley, Inc., and Defendant Taco Azteca, Incorporated as follows:

COUNT I: Violations Of Alaska Wage And Hour Act

1. This count is brought by Plaintiff Miguel A. Garcia ("Garcia") against Defendants, identified below, for unpaid overtime wages due and calculated "at the rate of one and one-half times the regular rate of pay" under AS 23.10.060(b) of the Alaska

Wage and Hour Act ("AWHA") and under Alaskan wage and hours regulations, namely 8 AAC 15.100(a) and (b)(3), and for "an additional equal amount as liquidated damages" under AS 23.10.110(a) of AWHA;

2. Plaintiff Miguel A. Garcia ("Garcia") was at all times pertinent an employee working in Fairbanks, Alaska and employed by Defendants identified below;

3. AWHA does not define the statutory term "employer" used in AS 23.10.060 and AS 23.10.100;

4. Undefined terms under AWHA "shall be defined as they are defined in 29 U.S.C. 201-219 (Fair Labor Standards Act of 1938), as amended, or the regulations adopted under those sections" pursuant to the terms of AS 23.10.145;

5. The Fair Labor Standards Act of 1938 ("FLSA") defines "employer" to "include[] any person acting directly or indirectly in the interest of an employer in relation to an employee" under 29 USC § 203(d);

6. Defendant Wilfredo Gallo ("Gallo") was at all times pertinent an individual residing at or near Fairbanks, Alaska;

7. Defendant Gall was at all times pertinent Plaintiff Garcia's employer as defined under the FLSA and AS 23.10.145 of AWHA;

8. To the best of Plaintiff Garcia's knowledge and belief, Defendant Gallo acted directly or indirectly in the interest of Plaintiff's employers in relation to employee Plaintiff Garcia;

9. To the best of Plaintiff Garcia's knowledge and belief, Defendant Gallo established, implemented, and controlled Plaintiff Garcia's wages and working conditions when Plaintiff Garcia worked as a cook for Defendants;

10. To the best of Plaintiff Garcia's knowledge and belief, Defendant Gallo was Plaintiff Garcia's employer based on the totality of circumstances and economic realities of Plaintiff Garcia's employment;

11. To the best of Plaintiff Garcia's knowledge and belief, there are one or more other individuals, in addition to Defendant Gallo, who established, implemented and controlled Plaintiff Garcia's wages and working conditions, and who also acted as Plaintiff Garcia's employer as defined under the FLSA and AS 23.10.145 of AWHA;

12. Plaintiff Garcia believes, and therefor states, one or more of these additional unknown individuals, whom Plaintiff has identified as Defendants John Does 1-3 herein, also acted as Plaintiff Garcia's employer, and (his)(her)(their) identities will be determined and through discovery in this matter;

13. To the best of Plaintiff Garcia's knowledge and belief, Defendant Taco Valley, Inc., was at all times pertinent a business entity doing business in Fairbanks, Alaska, and also one of Plaintiff Garcia's employers;

14. To the best of Plaintiff Garcia's knowledge and belief, Defendant Taco Valley, Inc., was at all times pertinent doing business as Taco Azteca Dos ("TAD") at or near Chena Pump Road in Fairbanks, Alaska;

15. To the best of Plaintiff Garcia's knowledge and belief, Defendant Taco Azteca, Incorporated was at all times pertinent a business entity doing business in Fairbanks, Alaska, and also one of Plaintiff Garcia's employers;

16. To the best of Plaintiff Garcia's knowledge and belief, Defendant Taco Azteca, Incorporated was at all times pertinent doing business as Taco Azteca ("TA") at or near the Washington Plaza in Fairbanks, Alaska;

17. Defendant Gallo, Defendants John Does 1-3, Defendant TAD, and Defendant TA together were at all times pertinent Plaintiff Garcia's employer under the Alaska Wage and Hour Act ("AWHA") and under the Fair Labor Standards Act ("FLSA") of 1938;

18. Hereinafter Defendant Gallo, Defendant John Does 1-3, Defendant TAD, and Defendant TA are identified together as Plaintiff Garcia's employer or as "Defendants":

19. For different time periods between 2008 and October 2016, namely for time periods of 2008-2011, 2012-2015, and May 2016 to October 2016, Plaintiff Garcia worked as a cook for Defendants in Fairbanks, Alaska;

20. In late October 2016 Plaintiff Garcia assigned his unpaid overtime compensation claims to the State of Alaska Department of Labor, Wage and Hour Division ("Wage and Hour");

21. On December 15, 2016, Plaintiff Garcia revoked his assignment of claim to Wage and Hour, and on December 15, 2016 Wage and Hour reassigned, and returned, Plaintiff Garcia's wage and hour claims back to Plaintiff Garcia;

22. The period of time during which Plaintiff Garcia had his wage claims assigned to Wage and Hour during 2016 equitably tolled the running of the two (2) year statute of limitations under AWHA;

23. While working as a cook for Defendants in Fairbanks, Alaska, Plaintiff Garcia was not an exempt employee under AS 23.10.055 of the AWHA;

24. While working for Defendants in Fairbanks, Alaska, Plaintiff Garcia routinely worked more than eight (8) hours during Plaintiff Garcia's work day, namely Plaintiff Garcia routinely worked twelve (12) hours a day as a cook for Defendants;

25. As part of Plaintiff Garcia's wages, Defendants provided Plaintiff Garcia with meals during Plaintiff Garcia's employment;

26. These employer-provided meals constituted as "other facilities" under 29 CFR §531.32, 8 AAC 15.100(b)(3), 29 CFR §778.116, 29 CFR §531.32, and AS 23.10.145, and as such, these "facilities" or meals also formed part of Plaintiff Garcia's "regular rate of pay" under AS 23.10.060(b);

27. While working for Defendants, Plaintiff Garcia states he believes Defendants deducted "break" time from hours worked by Plaintiff Garcia, when Plaintiff Garcia did not receive "break" time as a cook working full-time;

28. While working for Defendants in Fairbanks, Alaska, Plaintiff Garcia also routinely worked more than forty (40) hours during Garcia's normal work week, namely Plaintiff Garcia routinely worked fifty (50) hours or more, during a normal work week;

29. In order for Plaintiff Garcia to earn his pay period salary, Plaintiff Garcia had to work at least one-hundred (100) hours for each pay period, a pay period consisting of every two (2) weeks;

30. Despite Plaintiff Garcia's routinely working more than eight (8) hours a day and routinely working more than forty (40) hours a week, Defendants consistently, and uniformly, failed and refused to pay Plaintiff Garcia any overtime compensation;

31. Defendants are jointly and severally liable to Plaintiff Garcia for unpaid overtime under AS 23.10.060 in an exact amount to be proven at trial, for a period of two years starting from October 14, 2016, or the date Plaintiff Garcia assigned his wage claims to Wage and Hour;

32. Defendants are further jointly and severally liable to Plaintiff Garcia for "an additional equal amount as liquidated damages" under AS 23.10.110(a), also in an exact amount to be proven at trial;

## COUNT II: Willful Violation Of Fair Labor Standards Act ("FLSA")

33. Plaintiff Garcia incorporates by reference all allegations set forth above;

34. This count is brought to recover from Defendants, for a time period commencing on or about October 14, 2013, or three (3) years before October 14, 2016, or the date Plaintiff Garcia assigned his wage claims to Wage and Hour, based on Defendants' willful failure to pay Plaintiff Garcia overtime compensation, as well as for additional equal respective amounts as liquidated damages, under the provisions of the Fair Labor Standards Act (29 USC Sections 201-219)("FLSA"), a law of the United States regulating interstate commerce, and specifically under the provisions of Section

16(b) of the FLSA, as amended (29 USC §216(b)), for October 14, 2013 to October 2014 time period;

35. While working as a cook for Defendants in Fairbanks, Alaska, Plaintiff Garcia was not an exempt employee under the FLSA;

36. While Plaintiff Garcia worked for Defendants in Fairbanks, Alaska, commencing on or about October 14, 2013, Defendants, as Garcia's employers, knew or showed reckless disregard to whether its (their) conduct and failure to pay Plaintiff Garcia, as a cook, overtime compensation was prohibited by the FLSA;

37. Plaintiff Garcia is further entitled to liquidated damages against Defendants under 29 USC §216(b), commencing on or about October 14, 2013, or three (3) years before Plaintiff Garcia filed his wage claims to Wage and Hour;

38. While Plaintiff Garcia worked as a cook for Defendants on and after October 14, 2013, Defendants failed to act with subjective good faith, and Defendants further failed to act upon objectively reasonable grounds, when Defendants failed and refused to pay Plaintiff Garcia overtime compensation, despite the fact Plaintiff Garcia routinely worked, as a cook, substantially more hours than forty (40) hours in a work week.

WHEREFORE, Plaintiff Garcia prays for relief against Defendants as follows:

1. For an order finding Defendants liable for unpaid overtime computed "at the rate of one and one-half times the regular rate of pay" under AS 23.10.060(b) and AS 23.10.145 of the AWHA, in an exact amount to be proven at trial;

2. For an order finding Defendants liable for "an additional equal amount as liquidated damages" under AS 23.10.110(a) of the AWHA;

Garcia vs. Gallo, Taco Valley, Inc. and Taco Azteca Incorporated
Complaint

3. For an order finding Defendants liable for Plaintiff Garcia's costs and reasonable attorney fees under AS 23.10.110(c) and (e) of the AWHA;

4. For an order finding Defendants liable for Defendants' willful failure to pay Plaintiff Garcia overtime compensation, and an additional amount as liquidated damages, under the FLSA commencing on or about October 14, 2013 until on or about October 14, 2014, Plaintiff Garcia having assigned his wage claims to Wage and Hour on October 14, 2016;

5. For such further relief as the court deems just under Civil Rule 54(c).

DATED at Fairbanks, Alaska this 15th day of December, 2016.

LAW OFFICES OF JAMES M. HACKETT

_____
James M. Hackett/ABN 7106014
Attorney for Plaintiff Miguel A. Garcia