**JAMES M. HACKETT**
**401 Eleventh Avenue**
**Fairbanks, Alaska 99701**
**(907) 456-3626**
**jhackettlaw@aol.com**

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

MIGUEL A. GARCIA,       )
                                  )
             Plaintiff,     )
                                  )       **FIRST AMENDED**
vs.                            )       **COMPLAINT**
                                  )
WILFREDO GALLO, individually,  )
YOLANDA CASILLAS, individually,  )
TACO VALLEY, INC., and     )
TACO AZTECA, INCORPORATED,  )
and John Does 1-2,        )
                Defendants.    )
_____)
Case No. 4:17-cv-0005-TMB

     Plaintiff Miguel A. Garcia ("Garcia"), through his attorney, files his FIRST

AMENDED COMPLAINT, pursuant to Fed. R. Civ. P. 15(a)(1)(A), against Defendant

Wilfredo Gallo, Defendant Yolanda Casillas, Defendant Taco Valley, Inc., and

Defendant Taco Azteca, Incorporated, Defendant  Defendants John Does 1-2, as follows:

     <u>Violations Of Fair Labor Standards Act And Alaska Wage And Hour Act</u>

     1.  This complaint is brought by Plaintiff Miguel A. Garcia ("Garcia") against

Defendants to recover unpaid overtime compensation, based on Defendants' willful

failure to pay Plaintiff Garcia overtime compensation under the provisions of the Fair

Labor Standards Act (29 USC specifically under the provisions of Section 16(b) of the FLSA, as amended (29 USC §216(b)), as well as to recover additional equal respective amounts as liquidated damages, commencing on the earliest date permissible, based on FLSA's three (3) statute of limitations for willful violations, which date may commence as early as on or about October 14, 2013, based on equitable tolling; and this complaint is also brought by Plaintiff Garcia to recover unpaid overtime compensation, calculated "at the rate of one and one-half times the regular rate of pay" under AS 23.10.060(b) of the Alaska Wage and Hour Act ("AWHA"), and to recover "an additional equal amount as liquidated damages" under AS 23.10.110(a) of AWHA, commencing on the earliest date permissible, based on AWHA's two (2) year statute of limitations, which date may commence as early as on or about October 14, 2014, based on equitable tolling;

2. Plaintiff Miguel A. Garcia ("Garcia") was at all times pertinent an employee working in Fairbanks, Alaska and employed by Defendants identified below;

3. The Fair Labor Standards Act of 1938 ("FLSA") defines "employer" to "include[] any person acting directly or indirectly in the interest of an employer in relation to an employee" under 29 USC § 203(d);

4. AWHA does not define the statutory term "employer" used in AS 23.10.060 and AS 23.10.100;

5. Undefined terms under AWHA "shall be defined as they are defined in 29 U.S.C. 201-219 (Fair Labor Standards Act of 1938), as amended, or the regulations adopted under those sections" pursuant to the terms of AS 23.10.145;

6. Defendant Wilfredo Gallo ("Gallo") was at all times pertinent an individual residing at or near Fairbanks, Alaska;

7. Defendant Gallo was at all times pertinent Plaintiff Garcia's employer as defined under the FLSA and AS 23.10.145 of AWHA;

8. To the best of Plaintiff Garcia's knowledge and belief, Defendant Gallo was Plaintiff Garcia's employer, acting directly or indirectly in the interests of Plaintiff Garcia's joint corporate employers in relation to employee Plaintiff Garcia;

9. To the best of Plaintiff Garcia's knowledge and belief, Defendant Gallo was Plaintiff Garcia's employer based on the totality of circumstances and economic realities of Plaintiff Garcia's employment;

10. Defendant Yolanda Casillas ("Casillas") was at all times pertinent an individual residing at or near Fairbanks, Alaska;

11. Defendant Casillas was at all times pertinent Plaintiff Garcia's employer as defined under the FLSA and AS 23.10.145 of AWHA;

12. To the best of Plaintiff Garcia's knowledge and belief, Defendant Casillas was Plaintiff Garcia's employer, acting directly or indirectly in the interests of Plaintiff Garcia's joint corporate employers in relation to employee Plaintiff Garcia;

13. To the best of Plaintiff Garcia's knowledge and belief, Defendant Casillas was Plaintiff Garcia's employer based on the totality of circumstances and economic realities of Plaintiff Garcia's employment;

14. To the best of Plaintiff Garcia's knowledge and belief, there may one or more other individuals, in addition to Defendant Gallo and Defendant Casillas, who

established, implemented and controlled Plaintiff Garcia's wages and working conditions, and who also acted as Plaintiff Garcia's employer as defined under the FLSA and AS 23.10.145 of AWHA;

15. Plaintiff Garcia believes, and therefor states, one or more of these additional unknown individuals, whom Plaintiff has identified as Defendants John Does 1-2 herein, may also have acted as Plaintiff Garcia's employer, whose identities may be determined through discovery in this matter;

16. To the best of Plaintiff Garcia's knowledge and belief, Defendant Taco Valley, Inc., was at all times pertinent a business entity doing business in Fairbanks, Alaska, and also one of Plaintiff Garcia's joint employers;

17. To the best of Plaintiff Garcia's knowledge and belief, Defendant Taco Valley, Inc., was at all times pertinent doing business as Taco Azteca Dos ("TAD") at or near Chena Pump Road in Fairbanks, Alaska;

18. To the best of Plaintiff Garcia's knowledge and belief, Defendant TAD was at all times pertinent one of Plaintiff Garcia's joint employers;

19. To the best of Plaintiff Garcia's knowledge and belief, Defendant Taco Azteca, Incorporated was at all times pertinent doing business as Taco Azteca ("TA") at or near the Washington Plaza in Fairbanks, Alaska;

20. To the best of Plaintiff Garcia's knowledge and belief, Defendant TA was at all times pertinent one of Plaintiff Garcia's joint employers;

21. Defendant Gallo, Defendant Casillas, Defendant TAD, and Defendant TA together were at all times pertinent Plaintiff Garcia's joint employer under the Alaska

Wage and Hour Act ("AWHA") and under the Fair Labor Standards Act ("FLSA") of 1938;

22. As joint employers, Defendant Gallo, Defendant Casillas, Defendant TAD, and Defendant TA together are jointly and severally liable to Plaintiff Garcia for unpaid overtime, and liquidated damages, under the Fair Labor Standards Act ("FLSA") of 1938, and under the Alaska Wage and Hour Act ("AWHA")

23. Hereinafter Defendant Gallo, Defendant Casillas, Defendant TAD, and Defendant TA, and John Does 1-2 are identified together as Plaintiff Garcia's employer or as "Defendants":

24. For different time periods between 2008 and October 2016, namely for time periods of 2008-2011, 2012-2015, and May 2016 to October 2016, Plaintiff Garcia worked as a cook for Defendants in Fairbanks, Alaska;

25. For all time periods Plaintiff Garcia was employed by Defendants as a cook, Plaintiff Garcia's position as cook was not exempt from overtime provisions under the FLSA;

26. For all time periods Plaintiff Garcia was employed by Defendants as a cook, Plaintiff Garcia's position as cook was not exempt from overtime provisions under the AWHA either;

27. In late October 2016 Plaintiff Garcia assigned his unpaid overtime compensation claims under AWHA to the State of Alaska Department of Labor, Wage and Hour Division ("Wage and Hour");

28. On December 15, 2016, Plaintiff Garcia revoked his assignment of claim to Wage and Hour, and on December 15, 2016 Wage and Hour reassigned, and returned, Plaintiff Garcia's wage and hour claims back to Plaintiff Garcia;

29. The period of time during which Plaintiff Garcia had his AWHA wage claims assigned to Wage and Hour during 2016 equitably tolled the running of applicable statute of limitations under the FLSA and the AWHA;

30. While working as a cook for Defendants in Fairbanks, Alaska, Plaintiff Garcia was not an exempt employee under the FLSA nor under AS 23.10.055 of the AWHA;

31. While working as a cook for Defendants in Fairbanks, Alaska, Plaintiff Garcia routinely worked more than forty (40) hours a week under the FLSA;

32. While working for Defendants in Fairbanks, Alaska, Plaintiff Garcia also routinely worked more than forty (40) hours during Garcia's normal work week, namely Plaintiff Garcia routinely worked fifty (50) hours or more, during a normal work week;

33. While working for Defendants in Fairbanks, Alaska, Plaintiff Garcia routinely worked more than eight (8) hours during Plaintiff Garcia's work day, namely Plaintiff Garcia routinely worked ten (10) to twelve (12) hours a day as a cook for Defendants;

34. As part of Plaintiff Garcia's wages, Defendants provided Plaintiff Garcia with meals during Plaintiff Garcia's employment;

35. The reasonable cost to Defendants, or the fair value of Defendants' provided meals to Plaintiff Garcia, are "other facilities" under the FLSA which must be included as

part of calculating Plaintiff Garcia's regular rate for purposes of FLSA overtime compensation under 29 CFR §531.32 and 29 CFR §778.116;

36.   While working for Defendants, to the best of Plaintiff Garcia's knowledge and belief, Defendants incorrectly deducted "break" time from weekly hours worked by Plaintiff Garcia under the FLSA, when Plaintiff Garcia did not receive "break" time as a cook working full-time;

37.   While working for Defendants in Fairbanks, Alaska, Plaintiff Garcia routinely worked more than forty (40) hours for Defendants during a normal work week, namely Plaintiff Garcia routinely worked fifty (50) hours or more, during a normal work week;

38.   To the best of Plaintiff Garcia's knowledge and belief, Defendants classified Plaintiff Garcia as a salaried employee when working for Defendants;

39.   Despite Plaintiff Garcia's routinely working more than forty (40) hours a week, Defendants consistently, and uniformly, failed and refused to pay Plaintiff Garcia any overtime compensation in violation of the FLSA;

40.   Despite Plaintiff Garcia's routinely working more than eight (8) hours a day and routinely working more than forty (40) hours a week, Defendants consistently, and uniformly, failed and refused to pay Plaintiff Garcia any overtime compensation in violation of the AWHA also;

41.   Defendants are jointly and severally liable to Plaintiff Garcia for unpaid overtime under the FLSA in an exact amount to be proven at trial, for the period from October 13, 2013 to October 13, 2014;

42. Defendants are further jointly and severally liable to Plaintiff Garcia for "an additional equal amount as liquidated damages" under 29 USC §216(b) the FLSA;

43. Defendants are jointly and severally liable to Plaintiff under AS 23.10.060 in an exact amount to be proven at trial, for a period of two years starting from or or about October 14, 2013 until the date Plaintiff Garcia ended his employment with Defendants, taking into account the tolling of time when Plaintiff Garcia had assigned his wage claims to the State of Alaska Wage and Hour Division;

44. Defendants are further jointly and severally liable to Plaintiff Garcia for "an additional equal amount as liquidated damages" under AS 23.10.110(a), in exact amounts to be proven at trial;

<u>COUNT II: Willful Violation Of Fair Labor Standards Act ("FLSA")</u>

45. Plaintiff Garcia incorporates by reference all allegations set forth above;

46. As noted above, part of this complaint is brought to recover from Defendants, for a time period commencing on or about October 14, 2013, or three (3) years before October 14, 2016, or the date Plaintiff Garcia assigned his wage claims to the State of Alaska Department of Labor, Wage and Hour Division, based on Defendants' willful failure to pay Plaintiff Garcia overtime compensation, as well as for additional equal respective amounts as liquidated damages, under the provisions of the Fair Labor Standards Act (29 USC Sections 201-219)("FLSA"), a law of the United States regulating interstate commerce, and specifically under the provisions of Section 16(b) of the FLSA, as amended (29 USC §216(b)), for October 14, 2013 to October 2014 time period;

47. While Plaintiff Garcia worked for Defendants in Fairbanks, Alaska, commencing on the earlier possible date, based on FLSA's three (3) year statute of limitations for willful violations, which date is on or about October 14, 2013, Defendants, as Garcia's employers, either knew their conduct violated the overtime provisions of the FLSA, or showed reckless, willful disregard whether their conduct, and their failure to pay Plaintiff Garcia required overtime compensation, violated the overtime provisions of the FLSA;

48. Plaintiff Garcia is further entitled to liquidated damages against Defendants under 29 USC §216(b), commencing on or about October 14, 2013, or three (3) years before Plaintiff Garcia filed his wage claims to Wage and Hour;

49. While Plaintiff Garcia worked as a cook for Defendants on and after October 14, 2013, Defendants failed to act with subjective good faith, and Defendants further failed to act upon objectively reasonable grounds, when Defendants failed and refused to pay Plaintiff Garcia overtime compensation under the FLSA, despite the fact Plaintiff Garcia routinely worked, as a cook, substantially more hours than forty (40) hours in a work week.

## COUNT III: Declaratory Judgment Relief Under Fed. R. Civ. P. 57

50.   Plaintiff Garcia incorporates all allegations set forth above;

51. There is an actual case or controversy between Plaintiff Garcia and Defendants about the correct methodology to calculate Plaintiff Garcia's "overtime compensation" and "regular rate of pay" under the FLSA and applicable federal regulations under 29 CFR Part 778-OVERTIME COMPENSATION;

52. Plaintiff Garcia's overtime compensation under the FLSA is calculated at the rate of one and one-half times Garcia's "regular rate";

53. The parties dispute what Plaintiff Garcia's correct "regular rate" for each work week under the FLSA was;

54. There is also an actual case or controversy between Plaintiff Garcia and Defendants as to the proper amount of Plaintiff's "regular rate of pay", and the proper amount of Plaintiff's "overtime compensation" rate, under AS 23.10.060(a) of the AWHA and 8 AAC 15.100(a);

55. According to Defendants' wage documents, Defendants paid Plaintiff Garcia a salary of $1400 for every two-week pay period;

56. 8 AAC 15.100(a) states "[p]ayment on a salary basis does not eliminate overtime pay requirements";

57. 8 AAC 15.100(a) also states that "[a]n employee's regular rate is the basis for computing overtime" and "the applicable compensation basis must be converted to an hourly rate when determining the regular rate for computing overtime compensation";

58. During Plaintiff Garcia's employment as a cook with Defendants, Defendants never provided Plaintiff Garcia with a written employment contract "set[ting] out the specific number of straight time and overtime hours the employee [was] expected to work each day and each week" as required by 8 AAC 15.100(a)(1);

59. Based on 8 AAC 15.100(a)(2), Plaintiff Garcia's "regular rate of pay" under AS 23.10.060(a), during Plaintiff Garcia's employment with Defendants, was $17.50 an

hour, calculated by dividing $700 (or one-half of Garcia's $1400 bi-monthly salary) by 40 hours, assuming no additional value for meals as "other facilities" under the FLSA;

60.   Plaintiff Garcia's "overtime compensation" under AS 23.10.060(b), during Plaintiff Garcia's employment with Defendants, is calculated "at the rate of one and one-half times the regular rate of pay";

61.   Plaintiff Garcia's "overtime compensation" under AS 23.10.060(b), during Plaintiff Garcia's employment with Defendants, is calculated "at the rate of one and one-half times the regular rate of pay";

62.  Plaintiff Garcia's overtime compensation rate under AS 13.10.060(b), during Plaintiff Garcia's employment with Defendants, was $26.25 an hour, assuming no addition of value for meals as "other facilities" under the FLSA

63.  There is also an actual case or controversy between Plaintiff Garcia and Defendants whether named are Plaintiff Garcia's joint employer under the FLSA and under the AWHA;

64.   Plaintiff Garcia states Defendants were Plaintiff Garcia's joint employer under the FLSA and, as such, are jointly and severally liable to Plaintiff Garcia for unpaid overtime compensation and liquidated damages under the FLSA;

65.   Plaintiff Garcia also states Defendants were Plaintiff Garcia's joint employer under the AWHA and, as such, are jointly and severally liable to Plaintiff Garcia for unpaid overtime compensation and liquidated damages under the AWHA;

66.  To the best of Plaintiff Garcia's knowledge and belief, Defendants contend they were not Plaintiff Garcia's joint employer, and thus are not jointly and severally

liable to Plaintiff Garcia for unpaid overtime compensation and liquidated damages under either the FLSA or under the AWHA.

WHEREFORE, Plaintiff Garcia prays for relief against Defendants as follows:

1. For an order finding Defendants liable for Defendants' willful failure to pay Plaintiff Garcia overtime compensation, and an additional amount as liquidated damages, under the FLSA commencing on the earliest date permissible under FLSA's three (3) statute of limitations for willful violations;

2. For an award of reasonable attorney fees and costs under 29 USC §216(b) of the FLSA;

3. For an order finding Defendants liable for unpaid overtime compensation computed "at the rate of one and one-half times the regular rate of pay" under AS 23.10.060(b) of the AWHA, commencing on the earlies date possible under AWHA's two (2) year statute of limitations, until Garcia's termination of employment with Defendants in October 2016, in an exact amount to be proven at trial;

4. For an order finding Defendants liable for "an additional equal amount as liquidated damages" under AS 23.10.110(a) of the AWHA;

5. For an order finding Defendants liable for Plaintiff Garcia's costs and reasonable attorney fees under AS 23.10.110(c) and (e) of the AWHA;

6. For appropriate declaratory judgment relief declaring Defendants were Plaintiff Garcia's joint employer under the FLSA and also under the AWHA;

7. For prejudgment interest on unpaid, accrued unpaid overtime compensation from the date, or dates, from each work week when unpaid overtime compensation was

due and owing to Plaintiff Garcia, but unpaid by Defendants, under the FLSA, from each due date to present;

8.  For prejudgment interest on unpaid, accrued unpaid overtime compensation from the date, or dates, from each pay period when unpaid overtime compensation was due and owing to Plaintiff Garcia, but unpaid by Defendants, under the AWHA, from each due date to present;

9.  For appropriate post-judgment interest;

10.  For such further relief to which Plaintiff Garcia is entitled under Fed. R. C. P. 54(c), whether or not alleged in Plaintiff Garcia's First Amended Complaint.

DATED at Fairbanks, Alaska this 10th day of February, 2017.

LAW OFFICES OF JAMES M. HACKETT

_____

James M. Hackett/ABN 7106014
Attorney for Plaintiff Miguel A. Garcia