**JAMES M. HACKETT**
**401 Eleventh Avenue**
**Fairbanks, Alaska 99701**
**(907) 456-3626**
**jhackettlaw@aol.com**

THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| MIGUEL A. GARCIA,        )<br>                                                  )<br>              Plaintiff,          )<br>                                                  )<br>vs.                                              )<br>                                                  )<br>                                                  )<br>WILFREDO GALLO, an individual,  )<br>YOLANDA CASILLAS, an individual,  )<br>TACO VALLEY, INC., TACO AZTECA,  )<br>INCORPORATED,                    )<br>                                                  )<br>              Defendants.    )<br>_____) | **PLAINTIFF'S MOTION TO DEEM SECOND REQUEST FOR ADMISSIONS ADMITTED; OR MOTION TO COMPEL SUFFICIENT RESPONSES** |

Case No. 4:17-cv-0005-TMB

Plaintiff Miguel A. Garcia ("Garcia"), through counsel, and pursuant to Fed. R. Civ. P. 36(a)(6)[1] ("Rule 36"), moves the Court to rule that Defendants' Answers nos. 150-168, 171-220, 222-260, 262-267, 273, 277, 282, and 288 to Garcia's Second Request For Admissions ("SRAs") are deemed admitted . Alternatively Garcia moves the Court to rule that Garcia's Answers nos. 150-168, 171-220, 222-260, 262-267, 273, 277, 282, and

---

[1] Civil Rule 36(a)(6) **Motion Regarding the Sufficiency of an Answer or Object** states: "[t]he requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an answer or objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served".

288 to Garcia's SRAs are insufficient under Civil Rule 36(a)(6), and to order Defendants to file sufficient responses to Garcia's SRAs. Garcia's discovery motion is filed pursuant Rule 36, Rule 37(a)(4), and LR 37.1:

*Good Faith Certificate*. On June 27, 2017 Garcia served his SECOND REQUEST FOR ADMISSIONS ("SRAs") on Defendants' attorney[2]. On June 28, 2017 Garcia granted Defendants an extension of time until August 7, 2017 within which to respond to Garcia's SRAs[3]. Defendants failed to answer Garcia's SRAs by August 7, 2017[4]. Garcia's attorney set up a discovery meeting on Friday, August 11, 2017. In preparation for that discovery meeting Garcia's attorney delivered a discovery letter, dated August 11, 2017, to Defendants' attorney, outlining outstanding discovery issues, including Defendants' overdue responses to Garcia's SRAs[5]. Garcia's August 11, 2017 discovery On August 11, 2017 the attorneys met and discussed discovery matters. By letter dated August 16, 2017, Garcia's attorney requested Defendants' attorney to have responses to Garcia's SRAs forwarded by the end of business on August 18, 2017[6]. When Defendants' attorney notified Garcia Defendants could not answer by August 18, 2017, Garcia forwarded his first GOOD FAITH CERTIFICATE ("first GFC") to Defendants' attorney[7].

---

[2] Garcia's Attorney's Affidavit dated 9/8/17 ("AA") at 1.
[3] *Id*. at 1-2 (EXHIBIT 1).
[4] *Id*. at 2.
[5] *Id*. at 2.
[6] *Id*. at 2 (EXHIBIT 2).
[7] *Id*. at 2-3(EXHIBIT 3).

2

Garcia's attorney requested Defendants' attorney to sign and return the first GFC, but Defendants' attorney did not do so[8]. However, on August 25, 2017 Defendants' attorney signed and forwarded Defendants' Answers ("Answers") to Garcia's SRAs[9]. On August 28, 2017 Garcia's attorney wrote a letter to Defendants' attorney, identifying Defendants' Answers nos. 150-168, 171-220, 222-260, 262-267, 273, 277, 282, and 288 to Garcia's SRAs as insufficient, and requesting to meet with Defendants' attorney to discuss Defendants' insufficient Answers[10].

On August 31, 2017 the attorneys met and conferred at Marci Lynch & Associates, a Fairbanks court reporters' office, following Defendants' deposition of Plaintiff[11]. On August 31, 2017 Garcia's attorney asked Defendants' attorney whether he intended to forward amended answers to Garcia's SRAs. Defendants' attorney would not make a commitment, and asked Garcia's attorney to telephone him on September 1, 2017[12]. On September 1, 2017 Garcia's attorney wrote a letter to Defendants' attorney, confirming the attorneys' meeting on August 31, 2017, and enclosing a second GOOD FAITH CERTIFICATE ("second GFC"), signed by Garcia's attorney[13]. Garcia requested Defendants' attorney to sign and return the second GFC[14].

---

[8] *Id.* at 3.
[9] *Id*. at 3 (EXHIBIT 4).
[10] *Id*. at 3 (EXHIBIT 5).
[11] *Id*. at 3.
[12] *Id*. at 3 (EXHIBIT 6).
[13] *Id*. at 3 (EXHIBIT 6).
[14] *Id*. at 3-4 (EXHIBIT 6).

3

On September 1, 2017 Garcia's attorney also telephoned Defendants' attorney, who stated he would "take a look" at any 9th Circuit District Court decisions Garcia had to support his position (regarding Defendants' insufficient answers to Garcia's SRAs)[15]. Following this telephone conversation, on September 1, 2017 Garcia's attorney next emailed Defendants' attorney, citing two Nevada District Court decisions, as requested[16]. Garcia's email also requested Defendants to file sufficient Answers by the end of business on Tuesday, September 5, 2017. Garcia's attorney also notified Defendants' attorney "[i]f I do not hear from you by the end of business on Tuesday [September 5, 2017], I will assume Defendants wish to maintain their present responses"[17]. Since September 1, 2017 to present, Defendants' attorney has failed to sign and return the second GFC, and has otherwise failed to communicate or respond[18].

*Requested Relief.* Garcia moves the Court to rule Defendants' Answers to Garcia's SRAs nos. 150-168, 171-220, 222-260, 262-267, 273, 277, 282, and 288 are evasive and thus insufficient under Rule 36. Garcia moves the Court to exercise discretion and rule Defendants' Answers to Garcia's SRAs are deemed admissions because Defendants' Answers are evasive and demonstrate an intentional disregard of Defendants' duty of reasonable and good faith inquiry. In the alternative Garcia moves the Court for an order compelling Defendants to provide sufficient Answers under Rule 36 to Garcia's SRAs

---

[15] *Id*. at 4 (EXHIBIT 7).
[16] *Id*. at 4 (EXHIBIT 7).
[17] *Id*. at 4 (EXHIBIT 7).
[18] *Id*. at 4.

4

nos. 150-168, 171-220, 222-260, 262-267, 273, 277, 282, and 288 within ten (10) days from the date of entry of the Court's discovery Order.

POINTS AND AUTHORITIES

*Statement of Facts.* Some of Garcia's SRAs request Defendants to admit the authenticity of documents Defendants have produced in discovery. In response to many of Garcia's SRAs, Defendants repeat the following boiler-plate Answer to Garcia's SRAs nos. 150-168, 171-220, 222-260, 262-267, and 273:

> Defendant's (sic) have produced various work records. The documents speak for themselves[19].

Defendants' Answer to Garcia's SRA no. 277 similarly states "[t]he records speak for themselves". Defendants' Answer to Garcia's SRA no. 282 states "[t]he records speak for themselves". Defendants' Answer to SRA no. 288 states "See RFA 285"[20].

*DEFENDANTS' EVASIVE ANSWERS TO GARCIA'S SRAs* 150-168, 171-220, 222-260, 262-267, 273, 277, 282, and 288 *ARE ADMISSIONS*

"It is undisputed that failure to answer or object to a proper request for admission is itself an admission: the Rule so states"[21]. An answer to a Rule 36 request for admission stating "the document speaks for itself "is evasive and insufficient[22]:

> The [responding party] responds to these requests [for admission], without objection, by simply stating that the [specified document] speaks for itself. The [responding party], however, does not admit or deny the requests or state that it cannot admit or deny them. Thus, the [responding

---

[19] AA at 3 (EXHIBIT 4).
[20] AA at 3 (EXHIBIT 4).
[21] *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981).
[22] *F.D.I.C . v. Halpern,* 271 F.R.D. 191, 195-196 (D.Nev. 2010)("*FDIC*").

5

party's] responses to these requests [for admission] are simply evasive and therefore insufficient[23].

For purposes of a motion to compel discovery, "[a]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond"[24]. The Court should exercise its discretion and rule Defendants' evasive answers to Garcia's SRAs nos. 150-168, 171-220, 222-260, 262-267, 273, 277, 282, and 288 are evasive, and deemed admissions, under Civil Rule 36 and Civil Rule 37(a)(4).

### *DEFENDANT'S CHALLENGED ANSWERS TO GARCIA'S SRAs Nos. 150-168, 171-220, 222-260, 262-267, 273, 277, 282, and 288 DO NOT FURTHER PURPOSES OF RULE 36*

Rule 36 "is intended to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial, the truth of which is known to the parties or can be ascertained by reasonable inquiry"[25]. "The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial"[26]. Defendants' challenged Answers to Garcia's SRAs refuse to admit the authenticity of documents Defendants have produced in discovery. If a party's answers are "evasive or fail to respond to the substance of the question, and the evidence

---

[23] *FDIC*, 271 F.R.D. at 195-196 (also holding that FDIC's "stat[ing] that such documents speak for themselves" "are also evasive [answers] because they do not fairly respond to the substance of the matters that [the requesting party] request be admitted", where FDIC "provides no reason why it cannot admit or deny these requests based on the documents or other information in its possession").

[24] *See* Civil Rule 37(a) **Motion for an Order Compelling Disclosure or Discovery**, (4) *Evasive or Incomplete Disclosure, Answer, or Response.*

[25] Wright, Miller, Marcus, FEDERAL PRACTICE AND PROCEDURE, §2252 **Purpose and Construction of Rule** at 322 (Vol. 8B 2010).

[26] *Asea, Inc. v. Southern Pacific Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981)("*Asea*").

6

establishes that the request should have been admitted", a court may deem the matter admitted[27].

### DEFENDANTS BREACHED THEIR DUTY UNDER CIVIL RULE 36 TO MAKE A REASONABLE GOOD FAITH INQUIRY BEFORE ANSWERING GARCIA's SRAs *Nos.* 150-168, 171-220, 222-260, 262-267, 273, 277, 282, and 288

"*Asea*[28] specifically holds that if an answering party does not make a 'reasonable inquiry into the request for admission then the party does not comply with the requirements of Fed. R. Civ. P. 36(a) even if the party's answer literally complies with the rule"[29]. "A responding party's duty to investigate only requires that it make a reasonable effort to secure information that is readily obtainable from persons or documents within the responding party's relative control"[30]. Defendants obviously have control over their own discovery documents.

Defendants failed to make a reasonable inquiry before Defendants' attorney signed Defendants' Answers to Garcia's SRAs nos. 150-168, 171-220, 222-260, 262-267, 273, 277, 282, and 288. Rule 36 imposes an obligation to inquire into the truth or falsity of the requested admission[31]. "It is…clear that an evasive denial, one that does not 'specifically deny the matter', or a response that does not set forth 'in detail' the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an

---

[27] *Lynn v. Monarch Recovery Management, Inc*., 285 F.R.D. 350, 363 ( D. Md. 2012).
[28] *See* n. 26 *supra.*
[29] *Rodriquez v. Barrita, Inc*., 2011 WL 4021410 *4 (N.D. Cal.) (discussing *Asea*).
[30] *Adobe Systems, Inc. v.Christenson*, *5 , 2011 WL 540278 (citing *FDIC*, in turn quoting *Asea*).
[31] *Nguyen v. Winter*, 756 F.Supp.2d 128, 130 (D.D.C. 2010).

7

admission"[32]. "Since such a response does not comply with the literal requirements of Rule 36(a), the district court may, in its discretion, deem the matter admitted"[33].

The Ninth Circuit has observed

> [t]he Rule was amended in 1970 to adopt the majority view that a party may not refused to admit or deny a request for admission based upon a lack of personal knowledge if the information relevant to the request is reasonably available to him. 8 C. Wright & A. Miller, Federal Practice and Procedure §2261, at 731 (1970). As the Advisory Committee's Note explains, the Rule is 'in keeping with a basic principle of the discovery rules that a reasonable burden may be imposed on the parties when its discharge will facilitate preparation for trial and ease the trial process'[34].

Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts. Such reasonable inquiry includes an investigation and inquiry of employees, agents, and others, "who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response".[35] Defendants breached their duty to make a reasonable, good faith inquiry before answering Garcia's SRAs nos. 150-168, 171-220, 222-260, 262-267, 273, 277, 282, and 288.

---

[32] *Asea*, 669 F.2d at 1245.
[33] *Id.*
[34] *Asea*, 669 F.2d at 1245.
[35] *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 254 (C.D. Cal. 2006)("*Farber*")(quoting *Henry v. Champlain Enter., Inc.*, 212 F.R.D. 73, 78 (N.D. N.Y. 2003)).

8

*DEFENDANTS' ANSWERS TO GARCIAs' SRAs Nos. 150-168, 171-220, 222-260, 262-267, 273, 277, 282, and 288 ARE EVASIVE[36] AND DEMONSTRATE AN INTENTIONAL REFUSAL TO UNDERTAKE A GOOD FAITH INQUIRY UNDER RULE 36*

If a party is served with a request for admissions, "it must admit that fact, even if it will cut its case and subject it to summary judgment"[37]. The Ninth Circuit has warned against "making an evasive or meritless denial, which clearly would result in the matter being deemed admitted"[38]. "[I]f the request for admission quotes a document[] and asks the other party to admit that the document contains the material quoted, it should be admitted if the quotation is accurate and denied if it is not. The tautological 'objection' that the finder of fact can read the document for itself to see if the quote is accurate is not a legitimate objection but an evasion of the responsibility to either admit or deny a request for admission, unless a legitimate objection can be made or the responding party explains in detail why it can neither admit or deny the request"[39]. The objection "the document speaks for itself" "is also a waste of time, since the 'objection' that the document speaks for itself does not move the ball an inch down the field and defeats the narrowing of issues in dispute that is the purpose of the rule permitting requests for admission"[40]. When a responding party provides no reason why it cannot admit or deny requests based on documents or other information in its possession, its response is

---

[36] "Evasive" means "[t]ending or seeking to evade; elusive; shifting": BLACK'S LAW DICTIONARY at 673 (10th ed. 2014).
[37] *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 803 (3d Cir. 1992).
[38] *Asea,* 669 F.2d at 1246.
[39] *Miller v. Holzmann*, 240 F.R.D. 1, *4 (D.D.C. 2006)("*Miller*").
[40] *Miller*, 240 F.R.D. at *4.

9

insufficient. Accordingly, the responding party "should (1) admit the requests if it has no reason to dispute their truthfulness and accuracy, (2) deny the requests, in whole or in part, if it has a reasonable basis to dispute the requested matter, or (3) state that it cannot admit or deny the requests and provide reasonable explanations, in adequate detail, as to why it cannot respond"[41].

*Conclusion*. The Court should rule that Defendants' evasive Answers are deemed admissions to Garcia's SRAs nos. 150-168, 171-220, 222-260, 262-267, 273, 277, 282, and 288. Alternatively the Court should order Defendants to file sufficient Answers to Garcia's SRAs nos. 150-168, 171-220, 222-260, 262-267, 273, 277, 282, and 288.

DATED at Fairbanks, Alaska this 8th day of September, 2017.

LAW OFFICE OF JAMES M. HACKETT

/s/
_____
James M. Hackett
Attorney for Plaintiff Garcia

---

[41] *FDIC*, 271 F.R.D. at 196.